IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENNY REILLY, | § | |
|     Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO._____ |
| vs. | § | JURY DEMANDED |
| | § | |
| OES OILFIELD SERVICES (USA), INC., | § | |
| et al., | § | |
|     Defendants. | § | |

## NOTICE OF REMOVAL

Defendant, OES Oilfield Servics (USA), Inc., files this *Notice of Removal* to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1331, 1441(a). The grounds in support of this *Notice of Removal* are as follows:

1. On May 9, 2013, Plaintiff, Penny Reilly ("Plaintiff"), commenced this action in the 165th Judicial District Court of Harris County, Texas, Cause No. 2013-27600, against Defendants, OES Oilfield Services (USA), Inc., OES Oildfield Services, Ltd. OES Oilfield Services Group, OES Oilfield Services Inc., OES Oilfield Services, OES Oilfield Services (UK) Ltd.; OES Oilfield Services (UAE), Ltd., OES Field Services, O.E.S. Equipment, LLC, OES Equipment, Ltd., OES Equipment (IOM) Ltd., OES-NA, Ltd., OES-NA, OES GP, LLC, OES Management, LLC, and OES-NA Management Inc. A copy of *Plaintiff's Original Petition and Jury Demand and Request for Expedited Trial Setting* ("Plaintiff's Original Petition") is attached hereto as Exhibit A-1.

2. On May 14, 2013, Defendant, OES Oilfield Servics (USA), Inc. ("Defendant") was served with citation and Plaintiff's Original Petition. *See* Exhibit B. Defendant filed its answer electronically on June 8, 2013. *See* Exhibit A-2.

3. Pursuant to 28 U.S.C. § 1446(b), this *Notice of Removal* is timely filed within thirty days after receipt by Defendant of a copy of Plaintiff's Original Petition. No other defendants have been served at this time.

4. Plaintiff is an individual residing in the State of Texas at the time of the filing of the initial pleading and as of the date of this *Notice of Removal*. Defendant, at the time of the filing of this action was, and still is, a citizen of the State of Texas, where it has its principal place of business and where it is incorporated.

5. This action is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because it presents a claim arising under federal law (*i.e.*, a federal question). A defendant is entitled to remove an action if the claim could have originally been brought in federal district court as a civil action "arising under" the Constitution, laws, or treaties of the United States. *See Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363 (2005); 28 U.S.C. § 1441(a); 28 U.S.C. § 1331, 28 U.S.C. § 1446. Federal-question jurisdiction may lie over state-law claims that implicate significant federal issues. *Id.* Where a state claim turns on substantial questions of federal law, the experience of the federal courts in interpreting federal law, coupled with the desire of uniformity that a federal forum offers on federal issues, justifies removal. *Id.*

6. Here, Plaintiff claims Defendant harassed, discriminated, and retaliated against Plaintiff because of her alleged disability, and failed to reasonably accommodate her alleged disability. *See* Exhibit A-1, p. 16.

7. Plaintiff's Original Petition also claims Defendant retaliated against Plaintiff by failing to comply with the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"). *See* Exhibit A-1, pp. 14-16. Specifically, Plaintiff asserts Defendant failed to provide her with

insurance coverage to which she was entitled in violation of COBRA. Exhibit A-1, pp. 14-16; *see also* Exhibit A-1, Exh. 8, p. 2. Accordingly, whether or not Defendant violated COBRA or retaliated against Plaintiff by denying her coverage under COBRA necessarily depends on interpreting COBRA itself, for example, whether Defendant is exempt under 29 U.S.C. § 1161(b). Plaintiff acknowledges the need for interpreting COBRA as an element of her retaliation claim, and has incorporated the same by reference in her Plaintiff's Original Petition. *See* Exhibit A-1, pp. 14-15; Exhibit A-1, Exh. 8, p. 1 (specifically alleging violations of federal law).

8. Further, although Plaintiff asserts a cliam under the Texas Commisson on Human Rights Act ("TCHRA"), Plaintiff attached and incorporated her original and amended charges of discrimination that were filed with the Equal Employment Opportunities Commission, ("EEOC"), as well as the Notice of Right to Sue received from the EEOC. *See* Exhibit A-1, p. 15, Exhibit A-1, Exhs. 10-12. Plaintiff's charges of discrimination allege her belief Defendant discriminated against her "in violation of the Americans with Disabilities Act ("ADA") . . . " *See* Exhibit A-1, Exhs. 10-11. Plaintiff claims her lawsuit was "timely filed after receipt of the Notice of Right to Sue from the EEOC." *See* Exhibit A-1, p. 15. Plaintiff does not reference having received a notice of right to file a civil action from the Texas Workforce Commission—Civil Rights Division. Therefore, it appears from Plaintiff's Original Petition that Plaintiff pleads a case under the ADA as well. 42 U.S.C. § 12101 *et seq*.

9. Thus, this case is removable because it presents a civil claim arising under federal law (*i.e.*, a federal question) pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

10. Plaintiff made a jury demand in her Plaintiff's Original Petition.

11.  Venue lies in the Southern District of Texas, Houston Division, because the state action filed by Plaintiff was filed in this judicial district and division. 28 U.S.C. §§ 1441(a) and 1446(a).

12.  All process and pleadings served upon Defendant and the other documents required by the Southern District Local Rules 81 are attached hereto. *See* Exhibits A–E.

13.  Defendant will properly file this *Notice of Removal* with the clerk of the state court in which the action is pending and to all parties of record through their attorney. 28 U.S.C. § 1446 (d).

WHEREFORE, Defendant, OES Oilfield Servics (USA), Inc., prays that the above-action now pending in the 165th Judicial Districk Court of Harris County, Texas and bearing Cause No. 2013-27600 be removed to this Court.

    Respectfully submitted,

    LAW OFFICE OF G. SCOTT FIDDLER, P.C.

    /s/ G. Scott Fiddler
    _____
    G. SCOTT FIDDLER
    SBOT #06957750
    FID #12508
    scott@fiddlerlaw.com
    ANDREW W. REED
    SBOT #24074935
    FID #1140192
    areed@fiddlerlaw.com
    9601 Jones Road, Suite 250
    Houston, Texas 77065
    Tel.:   281-897-0070
    Fax:   281-897-0078

    ATTORNEY-IN-CHARGE
    FOR DEFENDANT
    OES OILFIELD SERVICES (USA), INC.

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document along with attachments will be accomplished through the notice of electronic filing and/or first class mail in accordance with the Federal Rules of Civil Procedure on this the 10th day of June 2013, to the following:

Michael A. Starzyk, Esq.
April L. Walter, Esq.
Starzyk & Associates, P.C.
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380
Fax: 281-364-7533

                                  /s/ **G. SCOTT FIDDLER**
                                  _____
                                  G. SCOTT FIDDLER